**This order is SIGNED.**

**Dated: February 10, 2023**



**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



*msc*

---

T. EDWARD CUNDICK (Bar No. 10451)
*tcundick@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Associated Fixture Manufacturing, Inc., Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>ASSOCIATED FIXTURE MANUFACTURING, INC.,<br><br>Debtor. | Bankruptcy No. 22-23317<br><br>(Chapter 11 (Sub. V))<br><br>Honorable William T. Thurman |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF "DEBTOR'S AMENDED PLAN UNDER SUBCHAPTER V OF CHAPTER 11 DATED JANUARY 6, 2023"**

---

This matter came before the Court on February 9, 2023 at 2:00 p.m. (the **"Confirmation Hearing"**) to consider confirmation of the "Debtor's Amended Plan Under Subchapter V of Chapter 11 Dated January 6, 2023 (docket no. 74, the **"Plan,"** as it may be modified pursuant to the Confirmation Order) filed by Associated Fixture Manufacturing, Inc., debtor and debtor-in-possession (the **"Debtor"**) in the above-

1

referenced bankruptcy case (the **"Case"**) under Subchapter V of Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**). Ted Cundick and Kiersty Loughmiller appeared on behalf of the Debtor. Other counsel and parties-in-interest noticed their appearance on the record.

Based upon the evidence received at the Confirmation Hearing, the Plan, the "Ballot Register and Report of Balloting" (the **"Ballot Register,"** docket no. 78), the "Declaration of Scott Colledge in Support of Confirmation of [the Plan]" (the **"Colledge Declaration,"** docket no. 79), the "Notice of Assumption and Rejection Schedule" (the **"Assumption Notice,"** docket no. 77), the "*Ex Parte* Motion to Limit Notice" (the **"Notice Motion,"** docket no. 80) and the facts stated therein, the absence of any objections to confirmation of the Plan, the statements and arguments of counsel and other matters of record, and good cause appearing, the Court hereby enters the following Findings of Fact and Conclusions of Law[1]:

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, and should be confirmed.

---

[1] To the extent any Findings of Fact is determined to be a Conclusion of Law, or vice versa, such Findings and Conclusions shall be construed and incorporated as such.

2

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case, including, without limitations, all pleadings, papers, and other documents filed all orders entered, and the transcripts of, and minute entries pertaining to, all hearings heard in this Case.

3. <u>Notice</u>. The Court finds that although notice of the Plan was not timely sent to all creditors in the case, in consideration of the facts and arguments recited in the Notice Motion, and due to the Court's ruling on such motion, notice of the confirmation hearing has been adequate to allow the Court to proceed with the Confirmation Hearing without offending the due process of rights of parties-in-interest in this case. The Plan, notice of the Plan and Confirmation Hearing, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Code, the rules, and the orders of this Court, upon creditors and holders of equity interests entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient. No other or further notice of the Plan or the Confirmation Hearing is or shall be required. The terms of the Plan shall be binding upon all creditors and parties-in-interest who receive notice of the Bankruptcy Case or the Plan.

4. <u>Solicitation</u>. Pursuant to § 1181(b), § 1125 and its disclosures statement requirements do not apply in this case. The Debtor's solicitation and tabulation of ballots complied with the necessary requirements in order for this Court to conclude that the solicitation process has proceeded in "good faith" within the meaning of § 1125, and the

Debtor and its agents are entitled to the projections of § 1125(e), which is made applicable hereby.

5. <u>Creditors' Acceptance of the Plan</u>. The Plan establishes 10 classes of claims and one of interest holders. All impaired Classes of Claims and Interests have accepted the Plan. The Court accepts the Debtor's proposal to treat the portions of ballots cast in the J3 and J4 Classes that will nearly inevitably pour over into treatment in the U1 general unsecured class, as if such portions of ballots had been cast in the U1 Class, for purposes of determining whether the U1 Class has accepted the Plan. Classes J1, J2, J3, J5, and U2 voted unanimously in favor of the Plan. No votes were cast in the S1, T1, U3, and E1 Classes, and therefore those classes are deemed to have accepted the Plan. The lone dissenting vote in the J4 Class, whether considered generally in the J4 Class or narrowly within the J4-2 Subclass, is of insufficient size and quantity to overrule the six (general) or six (subclass) votes in favor of the Plan in the J4 Class and J4-2 Subclass. The two dissenting votes in the U1 Class (counting both the U1 ballot and the pour-over portion of the J4 ballot) are of insufficient size and quantity to overrule the five (pure U1) or eleven (pure U1 and pour-over ballots) votes in favor of the Plan in the U1 Class. In summary, all Classes have either accepted the Plan by affirmative vote, or are deemed to have accepted the Plan.

6. <u>Subchapter V of Chapter 11 of the Bankruptcy Code Applies.</u> Pursuant to § 103(i), the Debtor (a) is a "debtor" as defined in § 1182, and (b) elected that Subchapter V of the Chapter shall apply to this case.

   a. The Debtor is engaged in commercial activities, and has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date in an amount not more than $7,500,000.00, not less than 50% of which arise from the commercial activities of the Debtor.

   b. The Debtor is not a person whose primary activity is the business of owning single asset real estate.

   c. The Debtor is not part of an affiliated group of companies or debtors.

   d. The Debtor is not subject to the reporting requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, nor an affiliate of an issuer as defined therein.

7. <u>The Plan Complies with § 1129(a)(1).</u> The Plan complies with the applicable provisions of Title 11 of the Bankruptcy Code, including, without limitation, as follows:

   a. <u>Proper Classification.</u> As required by § 1123(a)(1), Article 4 of the Plan properly designates classes of Claims, and classifies only substantially similar claims in the same classes pursuant to § 1122.

b. <u>Specify Unimpaired Classes.</u> There are no unimpaired classes of claims under the Plan. All classes of claims are impaired.

c. <u>Specify Treatment of Impaired Classes.</u> Classes J1, J2, J3, J4, J5, S1, T1, U1, U2, U3, and E1 are designated as impaired under the Plan. Article 5 of the Plan specifies the treatment of the impaired classes of claims, thereby satisfying § 1123(a)(3).

d. <u>No Discrimination.</u> The Plan provides for similar treatment for each claim or interest in each respective class, unless the holder(s) of a particular Claim(s) has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

e. <u>Implementation of the Plan.</u> The Plan provides adequate and proper means for implementation, thereby satisfying § 1123(a)(5). Among other things, Articles 7 and 11 provide for (a) the vesting of estate property in the Reorganized Debtor; (b) ownership and management structure of the Reorganized Debtor; (c) the Reorganized Debtor's use and retention of property; and (d) distributions to creditors.

f. <u>Revision to Corporate Charter.</u> The Plan, in Article 7.2, provides that only a single class of shares with full voting authority shall exist post-confirmation, and that the charter of the Reorganized Debtor shall be amended to reflect this Plan provision, as required by § 1123(a)(6).

g. Ongoing Management. Scott Colledge (**"Colledge"**) and Martin White (**"White"**) have agreed to continue a management of the Reorganized Debtor, and nothing contained in the Plan is inconsistent with the interests of creditors and interest-holders, or with public policy, with respect to the manner of selection of future officers, directors, or trustees, as required by § 1123(a)(7).

h. Additional Plan Provisions. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) assumption and rejection of executory contracts and unexpired leases, and (b) the retention, enforcement, and/or abandonment of claims upon confirmation (Article 16). Thus, § 1123(b) is satisfied.

i. Bankruptcy Rule 3016(a). The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

j. Filing of the Plan [§ 1189]. The Debtor filed the original draft of its Plan on November 23, 2022 (which was the 90th day after the petition date) and amended the Plan on January 6, 2023. Thus, § 1189 is satisfied.

k. Contents of the Plan [§ 1190]. As required by § 1190(1), the Plan includes (a) a brief history of the business operations of the Debtor; (b) a liquidation analysis; and (c) projections with respect to the ability of the Debtor to

make payments under the proposed plan of reorganization. As required by § 1190(2), the Plan provides for the use of future earnings of the Reorganized Debtor to satisfy Plan obligations, and if confirmed over the dissent of a class of creditors, submission to the Trustee of such portion of future earnings necessary for the execution of the Plan. Section 1190(3) is inapplicable in this case.

8. <u>The Plan and the Proponent Comply with the Bankruptcy Code [§ 1129(a)(1) and (2)].</u> The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code (subject to the Court's separate order on the Notice Motion). Among other things:

   a. the Debtor is the proper plan proponent;
   b. the Plan complies; and the Debtor has complied, generally with the applicable provisions of the Bankruptcy Code; and
   c. the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and orders of the Court in transmitting the Plan, ballots, related documents and notices, and in soliciting and tabulating votes on the Plan (again, subject to the pending motion noted above).

9. <u>Good Faith [§ 1129(a)(3)].</u> The Debtor filed the case in good faith and for legitimate purposes of dealing with debt arising from consequences of the global

pandemic and supply chain disruption. The Plan is proposed in good faith, and not by any means forbidden by law, and therefore complies with § 1129(a)(3). Among other things:

a. the Debtor filed this Chapter 11 Case, and has proposed the Plan for a valid bankruptcy purpose, namely the restructuring of its debts and reorganization of its business as a going concern;

b. neither this case, nor the Plan itself, was filed as a litigation tactic or for delay;

c. the Debtor has been, and is, actively prosecuting this case;

d. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing a meaningful return to its creditors;

e. the Plan is the fruit of arms-length negotiations with creditors, and includes input from the case Trustee and Office of the U.S. Trustee; and

f. the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by the Debtor or indirectly by parties who owe money to the Debtor, from the projected disposable income arising from the Debtor's business operations and other potential assets.

10. <u>Payments for Services, Costs, and Expenses [§ 1129(a)(4)].</u> Pursuant to Article 3 of the Plan, appropriate provision is made for payment of all professional expenses pursuant to a fee application process requiring court approval.

11. <u>Post-Confirmation Management and Employment [§ 1129(a)(5)]</u>. The Plan identifies the individuals who will serve as post-confirmation management. To the extent disclosure of directors is required, the same individuals serving as management will continue to function as a board of directors as well. Adequate disclosure of insider employment has been made.

12. <u>No Regulatory Restrictions [§ 1129(a)(6)]</u>. The Debtor is not subject to any governmental regulatory rate-setting restrictions.

13. <u>Best Interest of Creditors Test [§ 1129(a)(7); Liquidation Analysis.</u> Pursuant to the analysis contained in the Ballot Register, the Plan was approved accepted by all voting Classes. Further and in any event, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to Chapter 7, and the Estate were liquidated by a Chapter 7 Trustee.

14. <u>Administrative Expenses and Priority Tax Claims [§ 1129(a)(9)]</u>. The Plan provides, in Article 3 and Article 7.8, for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

15. <u>Acceptance by at Least One Impaired Class [§ 1129(a)(10)]</u>. All classes have accepted the Plan.

16. <u>Feasibility [§ 1129(a)(11)]</u>. The Plan is feasible and is unlikely to lead to the need for further reorganization or liquidation.

17. <u>Payment of Fees [§ 1129(a)(12)]</u>. All fees payable under 28 U.S.C. § 1930 have been paid, are not required to be paid, and/or the Plan provides for the payment of all such fees on the Effective Date.

18. <u>Continuation of Retiree Benefits [§ 1129(a)(13)]</u>. The Debtor has no continuing obligations with respect to retiree benefits, so this section is inapplicable.

19. <u>No Domestic Support Obligations [§ 1129(a)(14)]</u>. The Debtor has no liability for any Domestic Support Obligations, so this section is inapplicable.

20. <u>§ 1129(a)(15) Is Not Applicable</u>. This section is inapplicable in a Subchapter V case, per § 1181(a).

21. <u>Transfers Will Comply with Nonbankruptcy Law [§ 1129(a)(16)]</u>. The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable non-bankruptcy law that governs the transfer of property by a corporation.

22. <u>Confirmation of the Plan Pursuant to § 1191(a)</u>. For the reasons stated above and in the Ballot Register, the Plan should be confirmed as a consensual plan under § 1191(a).

23. <u>Assumption of Contracts.</u> Pursuant to the terms of the Plan, the Debtor filed a notice on February 2, 2023, identifying executory contracts and/or leases that it intends

to assume. No showing of adequate assurance of future performance is required as to these three leases, as none was in default at the time of the Petition. The contracts identified therein to be assumed shall be assumed effective on the Effective Date. All other leases or executory contracts not expressly assumed thereby, or otherwise assumed as reflected in a prior order of this Court, are deemed rejected as of the Effective Date.

24. In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements and the Plan will be confirmed by entry of the separate confirmation order.

END OF DOCUMENT

DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF "DEBTOR'S AMENDED PLAN UNDER SUBCHAPTER V OF CHAPTER 11 DATED JANUARY 6, 2023" shall be served to the parties in the manner designated below:

By electronic Service: I certify that the parties of record in this case, as identified below, are registered CM/ECF users:
- **Matthew M. Boley** mboley@ck.law, klopez@ck.law
- **Paul M. King** paul.king@hooleking.com, pmkcell@hooleking.com
- **Peter J. Kuhn** Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Armstrong@usdoj.gov;Brittany.Eichorn@usdoj.gov
- **Kiersty Loughmiller** kiersty@thelegalformative.com
- **Sherilyn A. Olsen** solsen@hollandhart.com, intaketeam@hollandhart.com;cfries@hollandhart.com
- **D. Ray Strong** tr rstrong@thinkbrg.com, UT30@ecfcbis.com;drstrong@ecf.axosfs.com
- **Jeffrey L. Trousdale** jtrousdale@cohnekinghorn.com, mparks@ck.law;apetersen@ck.law
- **United States Trustee** USTPRegion19.SK.ECF@usdoj.gov

By U.S. Mail: None.

/s/T. Edward Cundick